UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**JANICE WILSON STEVENSON,**                              Chapter 7
  Debtor                                                    Case No. 08-14084-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**JANICE WILSON STEVENSON,**
  Plaintiff,

v.                                                        Adv. P. No. 08-1245
**EDUCATIONAL CREDIT MANAGEMENT
CORPORATION,**
  Defendant
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

  The matters before the Court are Cross-Motions for Summary Judgment. For the reasons set forth below, the Court finds that there exist genuine issues of material fact and that granting summary judgment for either party is unwarranted under the circumstances. *See* Fed. R. Civ. P. 56(c), made applicable to this proceeding by Fed. R. Bankr. P. 7056.

**II. PROCEDURAL BACKGROUND AND CROSS-MOTIONS FOR SUMMARY JUDGMENT**

  On September 10, 2008, Janice Wilson Stevenson (the "Debtor) filed a Complaint seeking a determination that student loan debt owed to Educational Credit Management Corporation ("ECMC") is dischargeable as a result of undue hardship in accordance with 11 U.S.C. § 523(a)(8). She alleged that her persistent poverty, chronic homelessness, and

minimum wage, part-time job were likely to persist for a significant portion of the repayment period of the student loans and that she exhibited good faith in attempting to repay the loans through a Chapter 13 plan. She also maintained that an Income Contingent Repayment Plan was not feasible because at retirement she would incur a large tax liability at a time when she would be approximately 75 years old and living on Social Security Income. ECMC answered the Complaint and the parties have filed a Joint Pretrial Memorandum. On January 13, 2011, the Court scheduled a trial for April 13, 2011.

On March 8, 2011, the Debtor filed a Motion for Summary Judgment, seeking a determination that under the "totality of the circumstances test" for the assessment of whether a student load debt is nondischargeable under 11 U.S.C. § 523(a)(8) she is entitled to a determination of undue hardship. At a pretrial conference conducted on March 8, 2011, the Court directed the Debtor to file an affidavit in support of her Motion for Summary Judgment and direct ECMC to file an Objection by March 15, 2011. The Debtor failed to file an affidavit, although she recently moved for an extension of time within which to file the affidavit. ECMC filed a timely objection on March 15, 2011. The Court shall enter an order denying the request to extend the time to file the affidavit.

On March 15, 2011, ECMC also filed a Cross Motion for Summary Judgment together with a Memorandum. It represented that it holds four student loans totaling $112,579.91. It sought summary judgment based on the availability of the William D. Ford Direct Loan Program ("ICRP") and the options offered through that program to borrowers, in particular the Income Based Repayment Plan ("IBRP"), stating that "the Debtor does

have the ability to repay her student loans now, and for the foreseeable future, without undue hardship." It adds that under that program, *see* 34 C.F.R. 685.209(a)(2). It also stated that the monthly payment calculated under the ICRP would be the lesser of (a) the amount that would be paid if the borrower repaid the loan in 12 years, multiplied by an annual income percentage factor that varies based upon the borrower's annual income; or (b) 20% of the borrower's discretionary income, which is defined as the borrower's adjusted gross income minus the poverty level for the borrower's family size, adding:

> For calculating the Debtor's payment under the ICRP, the lesser payment would be '20% of the borrower's discretionary income, which is defined as the borrower's adjusted gross income minus the poverty level for the borrower's family size." See 34 C.F.R. 685.209(a)(2). The poverty guideline for a family of one is $10,890. . . . The Debtor states in her motion that she is making less than the poverty level. Thus, applying the ICRP payment calculation the Debtor has not discretionary income. So at present the Debtor would also have zero (-0-) monthly payment amount if she opted to exercise her federal right to consolidate her student loans into the ICRP."

Although ECMC made additional representations about the ICRP, its Motion for Summary Judgment is predicated upon its contention that the Debtor's income, expenses, employment, and health are not material facts that are in dispute when considering the availability of the ICRP to the Debtor. It pointed out that under a IBRP, if the Debtor's adjusted gross income is $16,335, or less, she would not have any discretionary income and her payment would be zero.

III. APPLICABLE LAW

In <u>Brodson v. Ed. Credit Mgmt. Corp. (In re Brodson)</u>, 435 B.R. 791 (B.A.P. 1st Cir. 2010), the United States Bankruptcy Appellate Panel for the First Circuit adopted the

totality of circumstances test.[1]  Additionally, it considered the import of ICRPs.  It stated:

> Courts considering the ICRP as a factor under the totality of the circumstances test evaluate both the benefits and drawbacks of the program for the individual debtor within his or her unique circumstances. Brooks v. Educ. Credit Mgmt. Corp. (In re Brooks), 406 B.R. 382, 393 (Bankr. D. Minn. 2009). Although these courts acknowledge that the ICRP reduces the immediate debt burden of the student loan debtor, they are often concerned about the longer term debt and tax consequences of the program. They recognize that, although it may be appropriate to consider whether a debtor has pursued her options under the ICRP, participation in that program may not be appropriate for some debtors because of the impact of the negative amortization of the debt over time when payments are not made and the tax implications arising after the debt is cancelled. Because of these considerations, the ICRP may be beneficial for a borrower whose inability to pay is temporary and whose financial situation is expected to improve significantly in the future. See In re Vargas, 2010 WL 148632, at *4-5, 2010 Bankr.LEXIS 63, at *12-13. Where no significant improvement is anticipated, however, such programs may be detrimental to the borrower's long-term financial health. See id.; see also In re Wilkinson-Bell, 2007 Bankr.LEXIS 1052, at *16.
>
> Central to this analysis is the idea that because forgiveness of any unpaid debt under the ICRP may result in a taxable event, the debtor who

---

[1] According to the panel,

 The "totality of the circumstances" analysis requires a debtor to prove by a preponderance of evidence that (1) his past, present, and reasonably reliable future financial resources; (2) his and his dependents' reasonably necessary living expenses; and (3) other relevant facts or circumstances unique to the case, prevent him from paying the student loans in question while still maintaining a minimal standard of living, even when aided by a discharge of other prepetition debts. Courts "should consider all relevant evidence-the debtor's income and expenses, the debtor's health, age, education, number of dependents and other personal or family circumstances, the amount of the monthly payment required, the impact of the general discharge under chapter 7 and the debtor's ability to find a higher-paying job, move or cut living expenses."

Id. at 798-99 (citations omitted).

participates in the ICRP simply exchanges a nondischargeable student loan debt for a nondischargeable tax debt. Such an exchange of debt provides little or no relief to debtors. *See* Thomsen v. Dep't of Educ. (In re Thomsen), 234 B.R. 506, 514 (Bankr. D. Mont. 1999); *see also* In re Booth, 410 B.R. at 675-76; Durrani v. Educ. Credit Mgmt. Corp. (In re Durrani), 311 B.R. 496, 509 (Bankr. N.D. Ill. 2004), *aff'd*, 320 B.R. 357 (N.D. Ill. 2005); *but see* In re Brunell, 356 B.R. at 580-81 (holding that "[t]o the extent that the Debtor satisfies the requirements for participation in the Ford program, any tax liability based on the forgiven balance at that time is discharged."). For example, in In re Booth, the bankruptcy court stated:

> Application of the ICRP does not result in a discharge of the debt nor relieve the debtor from personal liability on the debt. Further action may, and will, be taken to collect the obligation, even if that action is simply requiring the debtor to provide annual financial information to the Department of Education. The ICRP does not grant a discharge, but lapse of a period as long as 25 years may result in cancellation or forgiveness of the debt. There is no provision in the regulation for "partial" cancellation or forgiveness of the obligation. Unlike a discharge, cancellation or forgiveness of a debt results in a tax liability. As interest accrues during the 25 years or lesser repayment period, the amount of debt cancelled will be quite large. The resulting tax liability would not be subject to discharge in a later bankruptcy proceeding.
>
> The focus of the ICRP is on deferral, not discharge, of debt. This is the antithesis of a fresh start. Congress has provided bankruptcy debtors relief which is not provided in the ICRP regulations. Compliance with ICRP regulations will not result in the same relief which can be granted by the courts under 11 U.S.C. § 523(a)(8).

410 B.R. at 675-76. In addition, many of these courts are concerned that the ICRP allows the Department of Education to substitute its administrative determination regarding undue hardship for the bankruptcy judge's statutorily mandated discretion under § 523(a)(8). *See* id.; *see also* In re Durrani, 311 B.R. at 509.

In re Brodson, 435 B.R. at 802.

5

The Court finds that the Debtor is not entitled to summary judgment because she failed to support her Motion for Summary Judgment with a timely filed affidavit. Although she has requested an extension of time to file such an affidavit, the Court finds that the delay in filing the affidavit was prejudicial to ECMC. Accordingly, the Court shall enter an order denying the Debtor's Motion to Extend Time to File Affidavit and the Debtor's Motion for Summary Judgment.

The Court finds that ECMC's exclusive reliance on ICRPs is unwarranted under existing law in this circuit as set forth in In re Brodson. Under the totality of the circumstances test, the availability of ICRPs cannot be the sole factor in determining whether the Debtor is or is not entitled to a discharge of student loan debt.

## IV. CONCLUSION

In view of the foregoing, the Court shall enter orders denying the Debtor's Motion for Summary Judgment and ECMC's Cross Motion for Summary Judgment.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: April 11, 2011